IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GJM, L.L.C., et al.,            :
    Plaintiffs              :
                            :
v.                              :        CIVIL NO. AMD 00-68
                            :
DAVID B. HERTZOG, et al.,       :
    Defendants              :

...oOo...

MEMORANDUM

Asserting that a New York attorney and his New York law firm negligently provided legal representation in connection with a major asset purchase, two Maryland corporations, successors-in-interest to defendants' former client, sued the defendants in Maryland state court. Defendants timely removed the case to this court and have now moved to dismiss for lack of personal jurisdiction.

Plaintiffs concede that the representation giving rise to their claims resulted from no act of solicitation or other purposeful activities by or of the defendants. Plaintiffs concede, further, that the defendants never entered the state of Maryland at any time during or in connection with their performance of legal services out of which the claims in this case arise, and that all of their contacts with defendants were by mail (surface or e-mail), telephone, fax or in face-to-face encounters which occurred outside the state of Maryland, i.e., meetings in Texas.

Manifestly, personal jurisdiction over the defendants is lacking. *Cape v. Maur*, 932 F.Supp. 124, 128 (D.Md. 1996) ("[C]ase law overflows on the point that providing

out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides."); *see generally Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc.*, 982 F.Supp. 350 (D.Md. 1997). A separate order granting the motion to dismiss follows.

Filed: March 14, 2000

                                                    ANDRE M. DAVIS
                                                    United States District Judge